CYPRESS REALTY, INC., *Respondent,*
*v.*
BOGGESS, *Appellant.*
(TC 417-553, SC 24615)
563 P2d 706

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Robert W. Gilley, Portland, argued the cause for respondent. With him on the brief were Ray D. Sherwood and Gilley, Busey & Porter, Portland.

Before Denecke, Chief Justice, and Tongue, Linde and O'Connell, Justices.

PER CURIAM.

## PER CURIAM.

This is an action by a real estate broker to recover on a promissory note payable to plaintiff and given by defendant as down payment pursuant to an earnest money agreement by which defendant agreed to purchase from the sellers certain real property. Defendant appeals from a judgment for plaintiff.

On January 20, 1975, defendant signed an earnest money agreement for the purchase of a parcel of property for $130,000, and gave his note for $7,500 as a down payment. The note was made payable to plaintiff, it being understood between plaintiff and the sellers that a designated part of the $7,500 was to constitute plaintiff's real estate commission and the balance was to be paid over to the sellers.

Plaintiff's complaint simply alleged the execution of the note, a demand for payment and defendant's failure to pay it.

Defendant's answer was in the form of a general denial and an affirmative defense which alleged as follows:

"II.

"That as part of said agreement as set forth in Paragraph I Defendant gave to Plaintiff his note for $7,500.00 in trust and as earnest money for the purchase of said property, and that Plaintiff agreed to hold said note in trust and in escrow for Defendant until Plaintiff received written approval of the sale from the owners of said properties and the terms under the agreement when completed.

"III.

"That Plaintiff failed to secure written approval from the owners of said property for the sale and Plaintiff further failed to place the note in Escrow in violation of its trust to Defendant.

"IV.

"That thereafter Defendant withdrew his offer to purchase said property and informed Plaintiff of his withdrawal."

[ 289 ]

The gist of defendant's pleaded defense is that plaintiff failed to place the note in escrow as agreed and failed to secure written approval from the sellers.

■ The evidence is undisputed that the note was deposited in escrow on January 22, 1975, by plaintiff, and that the note remained in escrow until June 6, 1975, when it was returned to plaintiff by the escrow holder in accordance with its practice of returning documents when the escrow was closed to the persons who had placed them in escrow. The evidence also establishes that written approval of the sellers was obtained within the time provided for acceptance.[1]

■ It appears, then, that defendant's affirmative defense, as pleaded, was satisfactorily rebutted by plaintiff's evidence, and that this should terminate the case. However, at trial, and again on appeal, defendant insisted upon injecting into the case other defenses which were not pleaded. This court has taken a reasonably liberal view of the rules of pleading, but we have been steadfast in insisting that the adversary must be sufficiently informed of the pleader's attack so that there is an opportunity to marshal evidence to rebut it.[2] The defenses defendant sought to raise outside of his pleadings were of a nature which could not have been anticipated by plaintiff and would put plaintiff at a disadvantage were it obliged to adduce evidence to counter it. Thus at trial defendant charged plaintiff with failing to provide an interim rental agreement called for by the earnest money agreement. Defendant also charged plaintiff with the failure to make repairs on the premises in accordance with the addendum to the earnest money agreement. The trial court permitted these charges to be raised but nevertheless found for plaintiff. We refuse to consider these matters for the reason that they were not within the pleadings. Also outside of the pleadings was the

---

[1] It was also established that defendant had been informed that the sellers had signed the contract.

[2] *Troy Laundry Co. v. Henry,* 23 Or 232, 31 P 484 (1892).

defense that plaintiff violated the rule of the state Real Estate Division which requires a broker to give the purchaser a copy of the earnest money agreement bearing the seller's acceptance. We also refuse to consider this defense.

Defendant raised several other issues in his brief which were likewise beyond the framework of the pleadings.

Defendant assigns as error the court's denial of his motion to amend the answer to conform to the proof. The court properly denied his motion because, as we have noted above, defendant injected new defenses into the case which would have put plaintiff at a disadvantage in marshaling evidence to rebut them.

We hold that the evidence, even if examined de novo (as defendant argues we are obliged to do), fails to present a defense to the action on the note and that therefore the judgment must be affirmed.

Affirmed.